UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD,<br>1669 Benedict Canyon Drive<br>Beverly Hills, CA  90210,<br><br>    PLAINTIFF<br>  vs.<br><br>DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530,<br><br>    DEFENDANT | Judge _____<br>Civil Action No. _____ |

# COMPLAINT

## THE PARTIES

1. Plaintiff Jason Leopold is a citizen of the United States.

2. Plaintiff is an investigative reporter for VICE News covering a wide-range of issues, including Guantanamo, national security, counterterrorism, civil liberties, human rights, and open government. Additionally, his reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America.

3. Defendant Department of Justice ("DOJ") is an agency of the United States within the meaning of 5 USC 552 § (f).

4. The DOJ has possession, custody and control of the records Plaintiff seeks.

1

## JURISDICTION AND VENUE

5. This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552.

6. This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B). Jurisdiction also lies with this Court under 28 USC § 1331.

7. Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).

## STATEMENT OF FACTS

### BACKGROUND

8. Hillary Rodham Clinton served as Secretary of the Department of State from January 21, 2009 to February 1, 2013.

9. How a cabinet Secretary performs his or her functions is always a matter of public interest. This is particularly true in the case of Secretary Clinton because she is currently campaigning for President of the United States in the 2016 election. Accordingly, how Secretary Clinton managed personnel, conducted foreign policy, prioritized goals and negotiated competing interests both domestically and abroad during her tenure at the helm of the State Department is of great interest to the American public.

10. On January 25, 2015, Plaintiff filed a FOIA suit against the Department of State seeking records about Hillary Clinton's tenure as Secretary of that agency. The parties in that suit agreed that, *inter alia*, all of the work-related emails sent to or by Secretary Clinton using her private email address maintained on her private server were responsive to Plaintiff's FOIA request as well as certain other emails of other aides, at least one of whom utilized an email address on Clinton's server. Monthly productions of Secretary Clinton's emails were ordered by

this Court and are scheduled to continue through the end of January 2016.  *See Leopold v. State*, 15-cv-123 (RC), Court Order of May 27, 2015 (ECF No. 17).

11. On August 11, 2015, the Washington Post reported that the Federal Bureau of Investigation ("FBI") took possession of the Hillary Clinton's email server and a thumb drive, which may contain data from one or more email accounts originally maintained on Hillary Clinton's private server.[1]

12. On September 22, 2015, The New York Times reported that the FBI has recovered "work-related and personal emails that Hillary Rodham Clinton said had been deleted from the server that housed the personal account she used exclusively when she was secretary of state, according to two government officials."[2]  The article further states, "The officials spoke on condition of anonymity because they did not want to be identified discussing a continuing investigation."  *Id.*

### PLAINTIFF'S FOIA REQUEST

13. On November 3, 2015, Plaintiff filed by email a FOIA request with the FBI seeking the following records:

> a) Any and all emails and other records retrieved from the server, thumb drive, and any other electronic equipment obtained either directly or indirectly from Hillary Clinton (collectively and individually the "Clinton Server") which has not already been made public; and,

---

[1] https://www.washingtonpost.com/politics/clintons-lawyer-hands-over-private-e-mail-server-thumb-drive-to-fbi/2015/08/11/64681dc2-407c-11e5-8d45-d815146f81fa_story.html (last visited on December 7, 2015).
[2] http://mobile.nytimes.com/2015/09/23/us/politics/investigators-find-emails-hillary-clinton-said-were-erased.html?referrer=&_r=0 (last visited on December 7, 2015).

   b) Any and all correspondence and other records regarding, relating to, or referencing authorization for anyone within the Federal Bureau of Investigation ("FBI") to disclose to the media or any other person or entity outside the FBI the seizure, confiscation, or taking possession of the Clinton Server; and,

   c) Any and all correspondence and other records regarding, relating to, or referencing authorization for anyone within the FBI to disclose to the media or any other person or entity outside the FBI whether and what information has been obtained from the Clinton Server; and,

   d) Any and all correspondence between any person within the FBI and any person within the U.S. Department of State regarding, relating to, or referencing the Clinton Server; and,

   e) Any and all correspondence between any person within the FBI and Hillary Clinton or any person representing Hillary Clinton, including, but not limited to, her attorneys regarding, relating to, or referencing the Clinton Server.

14. Plaintiff's FOIA request provided his credentials as a published journalist and requested a fee waiver and expedited processing. Ex. 1.

**DEFENDANT'S FAILURE TO TIMELY RESPOND TO**
**PLAINTIFF'S FOIA REQUEST**

15. On November 3, 2-15, Plaintiff received an automated response from the FBI's FOIA office confirming the receipt of his FOIA request. However, the FBI has not yet assigned

a request tracking number to Plaintiff's FOIA request or responded to Plaintiff's requests for a fee waiver and expedited processing. Ex. 1.

16. As of the filing of this Complaint, Plaintiff has not received a final response to his FOIA request to the DOJ with a determination as to whether the agency will release or withhold all of the requested records.

17. Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies with regard to his FOIA request to the DOJ because Defendant has failed to comply with the statutory time limit set forth in 5 USC 552(a)(6)(A)(i).

## COUNT I:

## VIOLATION OF FOIA

18. This Count realleges and incorporates by reference all of the preceding paragraphs.

19. Each of the documents referred to in this Complaint is incorporated herein by reference.

20. The DOJ has violated FOIA by failing to grant Plaintiff's request for expedited processing.

21. The DOJ has violated FOIA by failing to make a final decision as to whether these agency will release or withhold all of the requested records within the statutory timeframe.

22. Plaintiff has been and will continue to be irreparably harmed until Defendant is ordered to comply with FOIA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare Defendant's failure to comply with FOIA to be unlawful;

(2) Declare that Plaintiff is entitled to expedited processing of his FOIA request;

(3) Order Defendant to search for and process the requested records without further delay;

(4) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC § 552(a)(4)(E)(i);

(5) Grant Plaintiff such other and further relief which the Court deems proper.

Respectfully Submitted,

/s/ Ryan S. James
Ryan S. James
D.C. Bar #496272
5208 Capricorn Loop
Killeen, TX  76542
(254)289-7459
RSJamesLaw@gmail.com

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey@LawOfficeOfJeffreyLight.com

*Counsel for Plaintiff*